UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Kathleen Brown f/k/a Kathleen Semola, individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br><br><br>-v.-<br><br>Jefferson Capital Systems, LLC, John Does 1-25<br><br>Defendant(s) | **CIVIL ACTION NO.**<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff, Kathleen Brown f/k/a Kathleen Semola (hereinafter, "Plaintiff") brings this Complaint by and through her attorneys, Garibian Law Offices, P.C., against Jefferson Capital Systems, LLC (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION

1. Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a).

2. The purpose of the FDCPA was to eliminate abusive debt collection practices.

1

3. By enacting the FDCPA, Congress provided consumers with a private cause of action against debt collectors who fail to comply with the FDCPA.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1692 *et. seq*. and 28 U.S.C. § 2201. The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this judicial district is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

6. Plaintiff brings this class action on behalf of the classes of consumers detailed herein.

7. Plaintiff is seeking damages and declaratory relief for Defendant's violations of the FDCPA.

## PARTIES

8. Plaintiff is a resident of New Jersey.

9. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA. Defendant has an address at 16 McLeland Road, Saint Cloud, MN 56303.

10. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

11. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

12. Plaintiff brings this claim on behalf of the following class(es), pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The first class ("Statute of Limitations Class") consists of:

    a. all individuals;

    b. to whom Defendant sent a collection letter attempting to collect a consumer debt;

    c. on behalf of Verizon Wireless;

    d. for which the statute of limitations to file a lawsuit had lapsed;

    e. that failed to disclose that if a payment were made, that it would restart the statute of limitations;

    f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

14. The second class ("G-Notice Class") consists of:

    a. all individuals;

    b. to whom Defendant sent an initial communication attempting to collect a consumer debt;

    c. on behalf of Verizon Wireless;

    d. to whom Defendant failed to send the information required by 15 U.S.C. §1692g either in the initial communication, or within 5 days after the initial communication;

    e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

15. The identities of all class members for each class are readily ascertainable from the records of Defendant and those companies and entities on whose behalf Defendant attempts to collect debts.

16. Excluded from either class are Defendant and all officers, members, partners, managers, directors and employees of Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17. There are questions of law and fact common to the class(es) identified herein, which common issues predominate over any issues involving only individual class members. The principal issue is whether Defendant's written communications to consumers, in the forms attached as Exhibits A and B, violated the FDCPA (including but not limited to 15 USC §1692e, 1692f and 1692g).

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the number of members of the classes defined herein is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the class(es) identified herein and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether Defendant's written communications to consumers, in the forms attached as Exhibits A and B, violated the FDCPA (including but not limited to 15 USC §1692e, 1692f and 1692g).

    c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the class(es) identified herein have claims arising out of Defendant's course of conduct complained of herein.

    d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of the class(es) identified herein under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the class(es) identified herein predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek class certification only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22. Some time prior to January 20, 2021, an obligation was allegedly incurred by Plaintiff to Verizon Wireless ("Verizon Obligation").

23. As of December 2015, the Verizon Obligation was paid and closed, as reported by Verizon Wireless on Plaintiff's credit report.

24. The alleged Verizon Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

25. Verizon Wireless is a "creditor" as defined by 15 U.S.C. §1692a(4).

26. Defendant is a debt collector.

27. Upon information and belief, Verizon Wireless contracted with Defendant to collect the alleged debt.

28. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

### *The January 20, 2021 Collection Letter*

29. On or about January 20, 2021, Defendant sent Plaintiff an initial communication (the "January 20, 2021 Letter") attempting to collect an alleged outstanding balance on the Verizon

Obligation. A true and correct copy of the January 20, 2021 Letter is attached hereto as Exhibit A.

30. On or about February 24, 2021, Defendant sent Plaintiff an additional communication (the "February 24, 2021 Letter") attempting to collect the alleged outstanding balance on the Verizon Obligation. A true and correct copy of the February 24, 2021 Letter is attached hereto as Exhibit B.

### *Violation I*

31. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

32. As of January 2021, the statute of limitations to file a lawsuit with respect to the Verizon Obligation had lapsed.

33. In both the January 20, 2021 Letter and the February 24, 2021 Letter, Defendant failed to advise Plaintiff that by making a payment on the Verizon Obligation, Plaintiff would restart the statute of limitations, thereby, allowing her to be sued on the Verizon Obligation once again.

34. Plaintiff sustained an informational injury in that Plaintiff was not advised of the ramifications of making payment on the Verizon Obligation.

35. Defendant's failure to send the required information violated the FDCPA, including but not limited to Sections 1692e and 1692f.

36. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

### *Violation II*

37. Under the FDCPA, 15 U.S.C. §1692g, within 5 days after the initial communication with a consumer in connection with the collection of any debt, a debt collector is required to, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

   1. The amount of the debt;
   2. The name of the creditor to whom the debt is owed;
   3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
   4. A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
   5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

38. Neither the January 20, 2021 Letter nor the February 24, 2021 Letter contained any of the aforementioned information required by the FDCPA.

39. After sending both the January 20, 2021 Letter or the February 24, 2021 Letter, Defendant failed to send written notice to Plaintiff containing any of the information required by 15 U.S.C. §1692g.

40. Plaintiff sustained an informational injury in that Plaintiff was not advised of Plaintiff's rights under the FDCPA.

41. Defendant's failure to send the required information violated Section 1692g *et seq.* of the FDCPA.

42. As a result of Defendant's deceptive misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

43. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

44. As described herein, Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §1692e.

45. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

46. Defendant violated 15 U.S.C. §1692e:

   a. by omitting material information creating a false and misleading representation of the status of the debt in violation of §1692e(10);

   b. by falsely representing the character, amount and/or legal status of the debt in violation of §1692e(2)(A);.

47. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

48. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

49. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

50. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

51. Defendant violated this section by failing to advise Plaintiff that by making a payment on the debt, Plaintiff would restart the statute of limitations, which had lapsed, thereby allowing her to be sued on the Verizon Obligation once again.

52. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

53. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

54. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

55. Pursuant to 15 USC §1692g, within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector is required to, unless

the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

1. The amount of the debt;

2. The name of the creditor to whom the debt is owed;

3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

4. A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

56. Defendant violated 15 U.S.C. §1692g, by failing to provide Plaintiff with the above referenced information in either the January 20, 2021 Letter or the February 24, 2021 Letter, or in any subsequent written notice.

57. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

58. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, demands judgment from Defendant as follows:

1. Declaring that this action is properly maintainable as a class action and certifying Plaintiff as Class representative, and Antranig Garibian, Esq. as Class Counsel;

2. Awarding Plaintiff and the class(es) identified herein statutory damages;

3. Awarding Plaintiff and the class(es) identified herein actual damages;

4. Awarding Plaintiff costs of this action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the class(es) identified herein such other and further relief as this Court may deem just and proper.

Dated:  April 1, 2021            Respectfully Submitted,

**GARIBIAN LAW OFFICES, P.C.**

*/s/ Antranig Garibian*
Antranig Garibian, Esq. (NJ Bar ID 008492005)
1800 JFK Blvd., Suite 300
Philadelphia, PA 19103
Phone: (215) 326-9179
ag@garibianlaw.com
*Attorneys for Plaintiff*